**Adreanen DARBY, the Estate of Clarissa Darby by the administrator of her Estate Adreanen Darby, Christopher Darby, and Brian Darby, Plaintiff–Appellant,**

and

**Thomas Darby, Plaintiff,**

v.

**State of CALIFORNIA, DEPARTMENT OF SOCIAL SERVICE, Defendant,**

and

**County of Humboldt; Jeanie Watson, Defendants–Appellees.**

**No. 99–17183.**

**D.C. CV–97–03099–SBA/MEJ.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2000.

Decided Jan. 10, 2001.

Amended on Denial of Rehearing Feb. 2, 2001.

**8.** See Fed.R.Civ.P. 4(d)(1).

**9.** See Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir.1993).

**10.** See Mukherjee v. INS, 793 F.2d 1006, 1008–09 (9th Cir.1986).

Before REINHARDT, BRUNETTI, and RYMER, Circuit Judges.

## MEMORANDUM [1]

This case involves federal and state claims arising from the death of a foster child, Clarissa Darby, at the hands of her foster parent, Michelle Watson. The plaintiffs appeal the district court's grant of summary judgment to defendants County of Humboldt, and Jeanne and Mark Watson, and its dismissal of their federal

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

claim against Michelle Watson. We affirm in part, reverse in part, and remand to the district court.

### I.

■ We affirm the district court's grant of summary judgment to the County on the plaintiffs' claim under 42 U.S.C. § 1983 because the plaintiffs failed to raise a genuine issue of material fact as to municipal liability under *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 689, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We do not reach the question of whether there was a violation of Clarissa Darby's constitutional rights because the plaintiffs did not present sufficient evidence from which a reasonable jury could have found that the County had a policy or custom that amounts to deliberate indifference. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996). The plaintiffs' evidence of isolated incidents of failure to cross-report incidents to the state and to conduct mandatory monthly visitation does not amount to a custom or policy, and, in light of the factual circumstances of this case, there is no evidence that the County's failure to maintain a database on each foster parent was the "moving force" behind Clarissa Darby's death. *See id.*

■ While the district court engaged in some discussion of whether the County is entitled to state law immunity from liability under the plaintiffs' state law claims, it ultimately dismissed all the state law claims against the County without prejudice. Once the federal claim against the County was dismissed, the district court was well within its discretion in declining jurisdiction over the pendent state law claims. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1102 (9th Cir.1995). The district court's dismissal without prejudice of the state law claims against the County is therefore affirmed.

Plaintiffs also argue that the district court erred in failing to rule on their request for leave to substitute individual County employees in place of Doe defendants. As this request was not made in a noticed motion but in the plaintiffs' opposition to the County's motion for summary judgment, the district court did not abuse its discretion in failing to rule on the request. *See* Fed.R.Civ.P. 15(c).

### II.

In an earlier order, the district court granted summary judgment to defendants Jeanne and Mark Watson regarding the plaintiffs' state law claims of joint venture, negligence, and negligence per se. The plaintiffs' arguments on appeal are limited to Jeanne Watson, and they have therefore waived their appeal of the district court's order as it relates to Mark Watson. We affirm the district court's order granting summary judgment to Mark and Jeanne Watson as to the joint venture and negligence claims. As to the negligence per se claim, we affirm the district court's grant of summary judgment to Mark Watson, but reverse as to Jeanne Watson.

■ Plaintiffs argue that Jeanne Watson can be held vicariously liable for Michelle's killing of Clarissa Darby under the theory that the two women were engaged in a joint venture to operate a foster home. Although plaintiffs argue that Jeanne Watson effectively exercised a great deal of control over her daughter's care of the foster children, Jeanne Watson cannot be liable as a joint venturer because there is no evidence that she exercised a legal *right* of control over the foster care provided to Michelle's charges. *See Jacobsen v. Marin General Hosp.*, 192 F.3d 881, 886 (9th Cir.1999); *Bank of California v. Connolly*, 36 Cal.App.3d 350, 364, 111 Cal.Rptr. 468 (1973). The district court also correctly granted summary judgment to her as to the plaintiffs' negligence actions. The

plaintiffs failed to show that Jeanne Watson owed Clarissa Darby a legal duty because Michelle Watson's conduct was not foreseeable. *See Ann M. v. Pacific Plaza Shopping Ctr.,* 6 Cal.4th 666, 25 Cal. Rptr.2d 137, 863 P.2d 207 (1993).

■ Plaintiffs also bring a claim of negligence per se against Jeanne Watson, alleging that Watson violated California Penal Code § 11166, which creates a mandatory duty to report suspected child abuse for certain individuals, including child care custodians. *See* Cal.Penal Code § 11166. Although Watson argues on appeal that the statute does not apply to her because there is no evidence that she observed any signs of abuse of Darby within the scope of her professional capacity or employment as a child care custodian, she waived this argument in the district court. Because Watson stated that she visited daily with Clarissa and observed a bruise and bite marks on her during the two-week period prior to her death, there is a triable issue of fact as to whether she observed anything in the days preceding Darby's death that would trigger § 11166's mandatory reporting requirement. We therefore reverse the district court's grant of summary judgment in favor of Jeanne Watson on the negligence per se claim.

### III.

■ Plaintiffs also challenge the district court's dismissal of their § 1983 claim against Michelle Watson. To bring a § 1983 claim against Watson, a private individual, plaintiffs must establish that her action as a foster parent was "fairly attributable to the state ." *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). The evidence offered by the plaintiffs in this case does not indicate a sufficiently close nexus between the state and Watson to convert her action into that of the state.

*See Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). Accordingly, we hold that the district court correctly dismissed this claim.

### IV.

For the foregoing reasons, the district court's order dismissing plaintiffs' § 1983 claim against Michelle Watson is AFFIRMED; the order granting summary judgment to the County on the plaintiffs' federal claim and dismissing without prejudice the pendent state law claims against the County is AFFIRMED; and the order granting summary judgment to Jeanne and Mark Watson is AFFIRMED as to Mark Watson and AFFIRMED IN PART AND REVERSED IN PART as to Jeanne Watson. The case is REMANDED to the district court for proceedings consistent with this disposition.